**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 1, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

STEPHEN JAMES MILLER,

    Defendant - Appellant.

No. 07-8096
(D. Wyo.)
(D.Ct. No. 2:07-CR-00124-ABJ-1)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case concerns only sentencing guideline computations. Stephen Miller violated 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), interstate distribution of child pornography, and was sentenced to 135 months incarceration. The district court

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imposed a 2-level enhancement for the use of a computer in committing the offense and a 5-level enhancement for distribution of child pornography for a thing of value. Miller claims the application of the enhancements was impermissible double counting. He is wrong; we affirm.

## I. BACKGROUND

Starting on April 6, 2007, and continuing through at least April 26, 2007, Miller exchanged emails with an undercover federal officer to obtain DVDs advertised to contain child pornography. He emailed the officer a number of images hoping to obtain the DVDs in exchange. Some of the images he sent contained child pornography. He later admitted these actions to investigating officers and told them they would likely find images of child pornography on the computer and other storage media in his home. Approximately 200 images of child pornography were eventually discovered on his computer.

Miller was indicted and pled guilty. At sentencing, the district court correctly noted 18 U.S.C. § 2252A(a)(2)(A) and the base offense level under USSG § 2G2.2(a)(2)[1] did not account for Miller's use of a computer in his distribution or receipt of child pornography, nor did it account for his expectation of receiving a thing of value (although not for pecuniary gain) in making the distribution. The court assessed two enhancements under USSG §§ 2G2.2(b)(6)

---

[1] All references to the United States Code and United States Sentencing Guidelines are to the 2006 version unless otherwise stated.

and (b)(3)(B), respectively, to account for these aggravating aspects of the crime. Miller objected, claiming the conduct supporting the enhancements was embodied within the elements of the offense and their application was impermissible double counting.[2] The court overruled his objections.

## II. DISCUSSION

We review de novo the district court's application and interpretation of the sentencing guidelines. *United States v. Chavez-Valenzuela*, 170 F.3d 1038, 1039 (10th Cir. 1999)

Miller summarizes his arguments as follows:

> Appellant argues that certain sentencing enhancements are constitutionally infirm and unreasonable, specifically the 5 level enhancement for exchange of a thing [of] value and a 2 level bump for use of a computer. Appellant argues that the enhancements amount to double counting in violation of the Eighth Amendment to the United States Constitution and the law governing the Sentencing Commission. Objection is based on double counting as the use of a computer is inherent in the elements of the statute and in violation of the principles of the Sentencing Guidelines.

(Appellant's Opening Br. at 10-11.) The constitutional assertion is unsupported by any effort to develop or explain it. Nor does Miller develop what we take to be a claim the sentence is substantively unreasonable. Appellate review is deemed waived for token allegations of error. *See* Fed. R. App. P. 28(a)(9)(A)

---

[2] The district court also applied a 2-level enhancement pursuant to USSG §2G2.2(b)(2) because the images Miller sent involved a prepubescent minor or a minor who had not attained the age of 12 years and a 3-level enhancement pursuant to USSG §2G2.2(b)(7)(B) because the offense involved at least 150 but fewer than 300 images. Miller did not object to these enhancements and does not appeal from their application.

(requiring appellant's brief contain his " contentions and the reasons for them, with citations to the authorities . . . on which appellant relies"); *see also Jordan v. Bowen*, 808 F.2d 733, 736 (10th Cir. 1987) ("Appellants who fail to argue [an] issue in their brief are deemed to have waived [that] contention on appeal.").

The only issue developed by argument is summarized as follows: "Mr. Miller argues that the enhancements were improperly double-counted in the sentencing process here, because the use of the computer as well as the distribution of a thing of value are inherently embodied in the underlying statute (18 U.S.C. § 2252[A](a)(2)(A))." (Appellant's Opening Br. at 13.) He discusses double counting in general, citing cases, but ultimately concedes, as he must, the result here is controlled by *United States v. Duran,* 127 F.3d 911, 918 (10th Cir. 1997). In *Duran,* we said if a defendant can possibly: "'be sentenced under a particular offense guideline without having engaged in a certain sort of behavior, such behavior may be used to enhance the offense level . . . the guideline's base offense level will not necessarily have been set to capture the full extent of the wrongfulness.'" *Id.* at 919 (quoting *United States v. Reese*, 2 F.3d 870, 895 (9th Cir. 1993)). Miller could have been sentenced under §2G2.2(a)(2) without having used a computer or distributing child pornography for a thing of value. He was sentenced under this guideline for his violation of 18 U.S.C. § 2252A(a)(2)(A), which provides:

"**(a)** Any person who--

-4-

. . . .
      **(2)** knowingly receives or distributes--

            **(A)** any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer . . . .
      . . . .
      shall be punished as provided in subsection (b)."

The statutory language "including by computer" obviously does not require computer use to violate the statute. Accordingly, enhancing punishment for that specific and additional conduct is not prohibited. The same is true for distribution of child pornography for a thing of value, which is nowhere mentioned in the statute. Applying enhancements to account for these actions was permissible because the base offense level did not capture the full extent of the wrongfulness in Miller's behavior.

The Sentencing Commission plainly understands the concept of double counting, and expressly forbids it where it is not intended. *Duran*, 127 F.3d at 918. Here, the guidelines specifically provide for separate enhancements. The base offense level for a violation of 18 U.S.C. § 2552A(a) is enhanced by 5 if the offense involved "[d]istribution for the receipt, or expectation of receipt, of a thing value, but not for pecuniary gain," *see* USSG §2G2.2(b)(3)(B), and by 2 "[i]f the offense involved the use of a computer . . . for the possession, transmission, receipt, or distribution of the material," *see* USSG §2G2.2(b)(6). Use of a computer does not overlap distribution in exchange for or expectation of

a thing of value.  There is no double counting.

**AFFIRMED.**

          **Entered by the Court:**

          **Terrence L. O'Brien**
          United States Circuit Judge