[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 15, 2011
JOHN LEY
CLERK

No. 11-10336
Non-Argument Calendar

_____

D.C. Docket No. 3:09-cr-00159-WKW-CSC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH ALLEN BALLARD,
a.k.a. Kenlowes736@yahoo.com,
a.k.a. Salemcandylicker,
a.k.a. Watchoutlittleholesitsbig,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(December 15, 2011)

Before BARKETT, MARCUS and KRAVITCH , Circuit Judges.

PER CURIAM:

Kenneth Ballard, convicted by a jury of 2 counts of the knowing distribution of child pornography and 1 count of the knowing receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), appeals his convictions and 210-month total sentence. Ballard challenges the district court's denial of his pre-trial motion *in limine*, through which he sought to prevent the government from showing images or videos of child pornography to the jury. Ballard also challenges the district court's application of a sentencing enhancement for his use of a computer, pursuant to U.S.S.G. § 2G2.2(b)(6), and the substantive reasonableness of his 210-month total sentence.

## I.

Ballard argues that the district court abused its discretion by allowing into evidence every image and a portion of the videos of child pornography that were charged in the indictment, despite Ballard's stipulation that the 15 pictures and 3 videos were child pornography. Ballard contends that this evidence unfairly prejudiced and inflamed the jurors, and that the prejudicial impact of this evidence outweighed its relevance such that the admission of the evidence violated Rule 403 of the Federal Rules of Evidence.

We review a district court's evidentiary rulings for a clear abuse of

discretion. *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003). Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 403 of the Federal Rules of Evidence provides that relevant evidence may be excluded if its probative value "is substantially outweighed by the danger of unfair prejudice." But we have cautioned that Rule 403 is an "extraordinary remedy which the district court should invoke sparingly," and that "the balance should be struck in favor of admissibility." *Dodds*, 347 F.3d at 897.

Generally, the prosecution is entitled to determine how to prove its case, and a defendant may not stipulate or admit his way out of the full evidentiary force of the case against him. *Old Chief v. United States*, 519 U.S. 172, 186-87, 117 S.Ct. 644, 653, 136 L.Ed.2d 574 (1997). Rule 403 limits the quantity and type of evidence that may be introduced, however, as it demands a balancing approach between the degrees of probative value that a piece of evidence has and its prejudicial effect. *Dodds*, 347 F.3d at 897. Despite this balancing requirement, "the prosecutor's choice will generally survive a Rule 403 analysis when a defendant seeks to force the substitution of an admission for evidence creating a

3

coherent narrative of his thoughts and actions in perpetrating the offense for which he is being tried." *Old Chief*, 519 U.S. at 192, 117 S.Ct. at 656.

In the instant case, the admittedly relevant evidence of the images and videos was not extrinsic to the crime, but was "part of the actual pornography possessed." *See Dodds*, 347 F.3d at 898. It also had a high probative value, despite Ballard's stipulation. Ballard did not stipulate to the "knowledge" element of his offenses, and the government intended to use the images and videos at trial as proof of this element. Thus, because of the highly probative uses of the evidence, the stipulation was not effective to prevent the government's choice of the evidence used in its prosecution of the case. *See Alfaro-Moncada*, 607 F.3d at 734. The district court did not abuse its discretion by denying Ballard's motion *in limine* and admitting the pictures and videos charged in the indictment into1 evidence.

## II.

Ballard also argues that the district court erred when it applied a sentencing enhancement under U.S.S.G. § 2G2.2(b)(6) for his use of a computer. Ballard asserts that the government's theory of the case, as well as the enhancement he received under § 2G2.2(b)(3)(B), involved using a computer and, therefore, application of the enhancement constituted impermissible double counting.

4

We review *de novo* a claim of double counting under the Guidelines. *United States v. De La Cruz Suarez*, 601 F.3d 1202, 1220 (11th Cir.), *cert. denied* 131 S.Ct. 393 (2010). Impermissible double counting occurs only when one part of the guidelines is applied to increase a defendant's sentence on account of a kind of harm that has already been fully accounted for by application of a different part of the guidelines. *Id.* Further, "[d]ouble counting a factor during sentencing is permissible if the Sentencing Commission intended the result, and if the result is permissible because each section concerns conceptually separate notions related to sentencing." *Id.* (quotation omitted). We presume that "the Sentencing Commission intended to apply separate guideline sections cumulatively, unless specifically directed otherwise." *United States v. Rodriguez-Matos*, 188 F.3d 1300, 1310 (11th Cir. 1999).

Under 18 U.S.C. § 2252A(a)(2), it is a crime to knowingly receive or distribute child pornography "using any means or facility of interstate or foreign commerce . . . or transported in or affecting interstate or foreign commerce *by any means*, including by a computer." 18 U.S.C. § 2252A(a)(2)(A) (emphasis added). The Guidelines provide a base offense level of 22 for the crime of trafficking in, receiving, transporting, shipping, soliciting, or advertising material involving the sexual exploitation of a minor. U.S.S.G. § 2G2.2(a)(2). Section 2G2.2 provides

5

for a 2-level increase in the base offense level "[i]f the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material." U.S.S.G. § 2G2.2(b)(6). Section 2G2.2 also provides for a 5-level increase if the offense involved distribution of child pornography for the receipt of a thing of value. U.S.S.G. § 2G2.2(b)(3)(B).

Ballard's double counting arguments are without merit. Because a defendant need not use a computer to violate 18 U.S.C. § 2252A(a)(2), the fact that Ballard used a computer is no more than relevant conduct for the purposes of sentencing. *See* U.S.S.G. § 1B1.3(a)(1). Thus, the district court did not erroneously apply the § 2G2.2(b)(6) enhancement because Ballard's use of a computer was not taken into account in the calculation of his base offense level or by any other section of the guidelines. *See De La Cruz Suarez*, 601 F.3d at 1220. Moreover, Ballard has made no argument to rebut the presumption that the Sentencing Commission intended that the § 2G2.2(b)(6) and  § 2G2.2(b)(3)(B) enhancements be applied cumulatively. Because the enhancements focus on separate harms, and there is no evidence that the Sentencing Commission did not intend for the enhancements to apply cumulatively, the district court did not engage in impermissible double counting by applying both § 2G2.2(b)(3)(B) and § 2G2.2(b)(6).

III.

Finally, Ballard argues that by denying in part his motion for a downward variance, the district court imposed a substantively unreasonable sentence.

We review a sentence for substantive reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). The party challenging the sentence carries the burden of establishing unreasonableness. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

The reasonableness inquiry involves two steps. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). Because Ballard does not challenge the procedural reasonableness of his sentence, we review his sentence only for substantive reasonableness in light of the record and the 18 U.S.C. § 3553(a) sentencing factors. *Talley*, 431 F.3d at 786, 788. The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the kinds of sentences available; (6) the guidelines range; (7) pertinent Sentencing Commission policy statements; and (8) the need to avoid unwarranted sentencing

disparities. *See id.* at 786; 18 U.S.C. § 3553(a). The sentence imposed must be "sufficient, but not greater than necessary" to achieve the purposes of sentencing outlined in § 3553(a)(2). 18 U.S.C. § 3553(a).

Ballard has not carried his burden of demonstrating that his sentence was substantively unreasonable. The district court explicitly considered the § 3553(a) factors, including Ballard's personal and criminal history and the need to avoid sentencing disparities, prior to imposing Ballard's sentence. The 210-month sentences were also well below the statutory maximum of 20 years' imprisonment for each count. Taking into account the § 3553(a) factors and the discretion the district court is afforded in weighing those factors, the district court did not abuse its discretion in sentencing Ballard to 3 concurrent terms of 210 months' imprisonment.

In light of the foregoing, and after carefully reviewing the parties' briefs and the record, we affirm Ballard's convictions and 210-month total sentence.

**AFFIRMED.**