**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

MARK ROBERT KIEFER,
*Defendant-Appellant.*

No. 13-50182

D.C. No.
3:11-cr-03038-JM-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Argued and Submitted
May 15, 2014—Pasadena, California

Filed July 24, 2014

Before: Harry Pregerson, Stephen Reinhardt,
and Jacqueline H. Nguyen, Circuit Judges.

Opinion by Judge Nguyen

# SUMMARY[*]

## Criminal Law

The panel affirmed a sentence imposed following the defendant's guilty plea to receiving child pornography in violation of 18 U.S.C. § 2252.

The panel held that U.S.S.G. § 2G2.2 neither violates the separation of powers doctrine nor conflicts with 18 U.S.C. § 3553. The panel held that the district court's application of a two-level enhancement for the use of a computer under U.S.S.G. § 2G2.2(b)(6) does not result in impermissible double counting. The panel concluded that because the district court properly applied § 2G2.2, the defendant lacks standing to challenge the constitutionality of the five-year mandatory minimum codified at 18 U.S.C. § 2252(b)(1), as it did not affect his sentence.

## COUNSEL

Ezekiel E. Cortez, San Diego, California, for Defendant-Appellant.

Anne Kristina Perry (argued), Assistant United States Attorney, Laura E. Duffy, United States Attorney, Bruce R. Castetter, Assistant United States Attorney, United States Attorney's Office, San Diego, California, for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

NGUYEN, Circuit Judge:

Sentencing in child pornography cases can be controversial.[1] In this case, however, it is not. Mark Robert Kiefer was indicted and, pursuant to a plea agreement, pleaded guilty to one count of receiving child pornography in violation of 18 U.S.C. § 2252. Under the plea agreement, Kiefer reserved the right to appeal the constitutionality of § 2G2.2 of the United States Sentencing Guidelines ("U.S.S.G.") and the five-year mandatory minimum sentence codified at 18 U.S.C. § 2252(b)(1). The district court sentenced Kiefer to sixty-three months imprisonment pursuant to § 2G2.2 and 18 U.S.C. § 3553.

We conclude that § 2G2.2 neither violates the separation of powers doctrine nor conflicts with § 3553. Further, we hold that the district court's application of a two-level enhancement for the use of a computer under § 2G2.2(b)(6) does not result in impermissible double counting. In so holding, we join a number of our sister circuits that have addressed this question and unanimously reached the same conclusion. Finally, because the district court properly applied § 2G2.2, Kiefer lacks standing to challenge the constitutionality of the five-year mandatory minimum as it did not affect his sentence. We affirm.

---

[1] *See, e.g.*, Melissa Hamilton, Sentencing Adjudication: Lessons from Child Pornography Policy Nullification, 30 Ga. St. U. L. Rev. 375, 387 (2014); *United States v. Henderson*, 649 F.3d 955, 964–66 (9th Cir. 2011) (Berzon, J., concurring).

## BACKGROUND

### A

On July 14, 2011, a grand jury returned a five-count indictment charging Kiefer with four counts of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) and one count of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). On March 1, 2012, Kiefer and the government entered into a written, conditional plea agreement. Kiefer agreed to plead guilty to one count of receiving child pornography in violation of § 2252(a)(2). But Kiefer entered into the plea agreement "with the express purpose of reviewing on appeal the constitutionality" both of the five-year mandatory minimum sentence under 18 U.S.C. § 2252(b)(1) and of U.S.S.G. § 2G2.2.

On February 5, 2013, Kiefer filed a motion challenging the constitutionality of the mandatory minimum sentence and § 2G2.2. On April 19, 2013, the district court denied the motion. The district court concluded that Kiefer lacked standing to challenge the five-year mandatory minimum because his sentence was "unaffected" by the statutory mandatory minimum.

On the same date, the district court sentenced Kiefer—pursuant to § 2G2.2 and 18 U.S.C. § 3553—to sixty-three months imprisonment, a seven-year period of supervised release, and a $100 special assessment. On April 24, 2013, the district court entered judgment. Kiefer timely appealed.

## B

In sentencing Kiefer, the district court calculated the sentencing range under the Sentencing Guidelines as follows:

| | | |
|---|---|---|
| Base Offense Level: | 22 | (under § 2G2.2(a)(2)) |
| Specific Offense Characteristics: | +2 | (under § 2G2.2(b)(2), for materials involving prepubescent minors and minors under the age of twelve); |
| | +4 | (under § 2G2.2(b)(4), for materials portraying sadistic or masochistic conduct or other depictions of violence); |
| | +2 | (under § 2G2.2(b)(6), for the use of a computer); and |
| | +5 | (under § 2G2.2(b)(7)(D), for an offense involving more than 600 images).[2] |

After applying a three-level downward adjustment under § 3E1.1 for acceptance of responsibility, the court calculated a Total Offense Level of 32, and a sentencing range of between 121 and 151 months (i.e., between 10 and 13 years).

---

[2] On this appeal, Kiefer does not challenge the five-level enhancement under § 2G2.2(b)(7)(D).

Sua sponte, the district court then applied a six-level downward departure pursuant to 18 U.S.C. § 3553, resulting in a Total Offense Level of 26 and a Sentencing Guidelines range of between 63 and 78 months.  Essentially, the district court "reduc[ed] the advisory guideline range by almost 50 percent" and then sentenced Kiefer to the low-end: sixty-three months imprisonment.

## JURISDICTION

The district court had jurisdiction pursuant to 18 U.S.C. § 3231.  This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STANDARDS OF REVIEW

"We review questions of standing de novo."  *Douglas County v. Babbitt*, 48 F.3d 1495, 1499 (9th Cir. 1995). Likewise, "[w]e review the constitutionality of a Sentencing Guideline de novo."  *United States v. Ellsworth*, 456 F.3d 1146, 1149 (9th Cir. 2006).  "We review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error."  *United States v. Tanke*, 743 F.3d 1296, 1306 (9th Cir. 2014).

## DISCUSSION

### I

Because the district court sentenced Kiefer pursuant to § 2G2.2, he has standing to challenge the constitutionality of this section.  However, we can quickly dispose of his arguments on appeal.

First, Kiefer argues broadly that § 2G2.2 violates the separation of powers doctrine.[3] In *Mistretta v. United States*, the United States Supreme Court rejected an analogous challenge. *See* 488 U.S. 361, 380–84 (1989) (dismissing argument as "more smoke than fire"). In addition, the Supreme Court later held that the Sentencing Guidelines are advisory only. *United States v. Booker*, 543 U.S. 220, 233 (2005) ("We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range."); *see also Rita v. United States*, 551 U.S. 338, 350 (2007) ("The Commission's work is ongoing. The statutes and the Guidelines themselves foresee continuous evolution helped by the sentencing courts and courts of appeals in that process. . . . [The Commission] may obtain advice from prosecutors, defenders, law enforcement groups, civil liberties associations, experts in penology, and others. And it can revise the Guidelines accordingly."); *United States v. Davis*, 739 F.3d 1222, 1225 (9th Cir. 2014) ("[A]s a doctrinal matter the Supreme Court rejected a separation of powers challenge to the Commission's structure and authority in [*Mistretta*] . . . .").

Second, Kiefer argues that § 2G2.2 is inconsistent with 18 U.S.C. § 3553. This challenge also fails. As a preliminary matter, § 3553 is a federal statute and not a constitutional provision. Regardless, the district court here sua sponte applied a six-level downward departure in consideration of the factors set forth in § 3553. As applied to Kiefer's sentence, § 2G2.2 in no way conflicts with § 3553.

---

[3] While styled as an "as applied" challenge, Kiefer's constitutional arguments are largely facial in nature; indeed, they are not even necessarily limited to § 2G2.2 but instead attack the U.S.S.G. generally.

## II

Importantly, Kiefer concedes that he was not sentenced pursuant to the five-year mandatory minimum under § 2252(b)(1). Consequently, he acknowledges that he has standing to challenge the statutory mandatory minimum only if the district court erred in its application of § 2G2.2. According to Kiefer, if the court properly had calculated the applicable Sentencing Guidelines range, he would have faced a sentencing range below the mandatory minimum. Thus, we now turn to the district court's application of § 2G2.2 to the undisputed facts.[4]

## A

Kiefer argues that the two-level enhancement for the use of a computer under § 2G2.2(b)(6) results in impermissible double counting.[5] Kiefer points out that the statute under which he was convicted, § 2252(a)(2), criminalizes the knowing receipt of child pornography "using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, *by any means including by computer*."   18 U.S.C. § 2252(a)(2)

---

[4] "There is an intracircuit split as to whether the standard of review for application of the Guidelines to the facts is de novo or abuse of discretion. There is no need to resolve this split where, as here, the choice of the standard does not affect the outcome of the case." *Tanke*, 743 F.3d at 1306 (citations omitted).

[5] The district court considered the notion that the "use-of-a-computer enhancement in this case is suggestive of double counting" in sua sponte applying the six-level downward departure under § 3553.

(emphasis added).  Kiefer admits that the statute prohibits the receipt of child pornography through means other than the use of a computer but contends that those other means are not subject to an enhancement under § 2G2.2(b)(6).

This argument has been roundly rejected by our sister circuits.  As the Second Circuit observed in *United States v. Reingold*, "the use of a computer is not essential to the act of distributing child pornography.  A person can traffic in child pornography without using a computer much like one could commit a robbery without the use of a gun."  731 F.3d 204, 226 (2d Cir. 2013) (citation and internal quotation marks omitted).  Therefore, the application of § 2G2.2(b)(6) does not result in impermissible double counting because the increase in a defendant's sentence for use of a computer accounts for harm that is not fully reflected in the base offense level.

Again, we find the reasoning of the Second Circuit persuasive:

> [T]he digital revolution, which may be responsible for more child pornography crimes' being committed by computer, has aggravated rather than mitigated the harms associated with such crime.  By making it easier to retrieve and distribute child pornography, computers have expanded the market for child pornography, which in turn fuels a greater demand for a product that can only be produced by abusing and exploiting children.  Moreover, once child pornography is circulated by computer, it becomes almost impossible to remove or destroy.  In such

circumstances, it was hardly unreasonable, much less double counting, for the Sentencing Commission to conclude that the base offense level applicable to all distributors of child pornography—even those who share items non-electronically—should be enhanced for persons who commit the crime by using a computer.

*Id.* (citations omitted).[6]

Every other circuit court to have addressed this question has reached the same conclusion. *See United States v. Richardson*, 713 F.3d 232, 237 (5th Cir. 2013) ("[T]he statutory language 'including by computer' does not require computer use to violate the statute: using a computer is just one example of a manner in which child pornography can be transmitted, and [the defendant] would have violated the statute had he transported child pornography 'by any means' affecting interstate commerce."); *United States v. Lewis*,

---

[6] *But see id.* ("[T]his court has expressed reservations about the § 2G2.2(b)(6) enhancement because, now that so many child pornography crimes are committed by computer, the enhancement applies in virtually every case so as to have the flavor of double counting." (internal quotation marks omitted)); *Henderson*, 649 F.3d 955, 965 (Berzon, J., concurring) ("[A]n unduly deferential application of § 2G2.2 will lead to the vast majority of offenders being sentenced to near the maximum statutory term. Because of the history of Congressional involvement, the base offense level for possession of child pornography is already a relatively high 18 (compared to 10 for the same offense in 1991). Enhancements for the use of a computer, depictions of prepubescent minors, portrayal of sadistic or masochistic conduct and the involvement of over 600 images—all of which apply in a majority of cases and some of which apply in more than 90% of them—add up to create an effective base offense level of 31.").

605 F.3d 395, 403 (6th Cir. 2010) ("The fact that the statute articulates computer use as one means of transporting the proscribed depictions does not mean that use of a computer is a required element of the crime. . . . [T]he U.S.S.G. § 2G2.2(b)(6) enhancement for using a computer aims at punishing a distinct harm beyond the mere transmission of child pornography."); *United States v. Tenuto*, 593 F.3d 695, 698 (7th Cir. 2010) ("To violate the statute, it was not necessary that he use a computer. He could have chosen to mail or fax the material; he could have carried it on a train or simply walked it across state lines." (citation omitted)); *see also United States v. Artello*, --- F. App'x ---, 2014 WL 1316304, at *4 (11th Cir. Apr. 3, 2014); *United States v. Ballard*, 448 F. App'x 987, 989–90 (11th Cir. Dec. 15, 2011); *United States v. Miller*, 318 F. App'x 701, 703 (10th Cir. Apr. 1, 2009).

Today, we follow our sister circuits in holding that the application of the two-level enhancement for the use of a computer under § 2G2.2(b)(6) does not result in double counting. As such, in Kiefer's case, the district court properly applied this enhancement.

## B

Similarly, Kiefer next argues that the district court's application of two additional enhancements—§ 2G2.2(b)(2) for materials involving prepubescent minors and minors under the age of twelve, and § 2G2.2(b)(4) for materials portraying sadistic or masochistic conduct or other depictions of violence—results in double punishment. We disagree.

Kiefer conjoins two distinct findings, two distinct harms, and two distinct enhancements. First, with respect to the

application of § 2G2.2(b)(2), the district court found that "some of the images . . . indisputably and unassailably show girls much less than 12 years of age." Second, with respect to the application of § 2G2.2(b)(4), the court made the following finding: "[T]hese images are amongst the most heinous and disturbing that I've seen as a judge, and I've handled many of these cases . . . . I think it is appropriate for these horrific images to be distinguished from images of minors merely depicted as naked." In sum, the district court applied one enhancement based on the age of the victims and, properly, a second enhancement based on the depiction of violence.

We already have rejected this argument made in an analogous context in *United States v. Holt*, 510 F.3d 1007 (9th Cir. 2007). In *Holt*, the defendant pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). *Id.* at 1009. The district court imposed the four-level enhancement for sadistic or masochistic conduct pursuant to § 2G2.2(b)(4) and a two-level enhancement for a vulnerable victim pursuant to § 3A1.1(b). *Id.* at 1010. The victim depicted was a "very young child," a "two- or three-year-old." *Id.* at 1011. The defendant argued that the district court improperly "double counted" and applied these enhancements for the same harm, "namely, the extreme pain that necessarily would have been experienced by a very young child depicted in the pornography." *Id.* at 1011.

In rejecting the defendant's argument, we stated:

Both the sadistic conduct and vulnerable victim enhancements account for the pain experienced by a young, small victim of child pornography, but the enhancements also

account for distinct characteristics of the crime: the sadistic conduct enhancement accounts for the pleasure necessarily experienced by the perpetrator, while the vulnerable victim enhancement accounts for the inability of the victim to resist sexual abuse. Because the two enhancements account for these distinct wrongs, it was proper, and no abuse of discretion, for the district court to apply both to the challenged criminal conduct.

*Id.* at 1012.

Likewise, here, the district court's application of the challenged enhancements to Kiefer's sentence did not result in double counting because they account for two "distinct wrongs." While § 2G2.2(b)(2) seeks to account for the particular harm to and vulnerability of young children under the age of twelve, § 2G2.2(b)(4) recognizes that especially egregious sexual abuse of the children depicted may warrant greater punishment. Therefore, the district court properly enhanced Kiefer's sentence both for possessing images involving children under twelve years old, and because these images were "amongst the most heinous and egregious that [he's] ever seen" and must "be distinguished from images of minors merely depicted as naked."

## C

Finally, because we conclude that the district court properly applied § 2G2.2, Kiefer lacks standing to challenge the constitutionality of the five-year mandatory minimum sentence under 18 U.S.C. § 2252(b)(1). This is because, as

the district court recognized, the statutory five-year mandatory minimum had no effect on Kiefer's sentence. *See United States v. Johnson*, 886 F.2d 1120, 1122 (9th Cir. 1989) ("[The defendants], who were sentenced to eight and ten years respectively, were not affected by the [five-year] mandatory minimum provision of the statute. They lack standing to challenge that aspect of [the statute].").

**AFFIRMED.**