**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50226 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-03702-JAH-1 |
| v. | |
| JEFFREY PAUL HECHLER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted December 11, 2014[**]
Pasadena, California

Before: SILVERMAN, BEA, and CHRISTEN, Circuit Judges.

Jeffrey Paul Hechler appeals from the district court's judgment and

challenges his 168-month sentence imposed following his convictions for five

counts of Distribution of Images of Minors Engaged in Sexually Explicit Conduct,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

in violation of 18 U.S.C. § 2252(a)(2), and four counts of Possession of Matters

Containing Images of Sexually Explicit Conduct, in violation of 18 U.S.C. §

2252(a)(4)(B). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because Hechler failed to raise the present issues below, we review for plain

error. *See United States v. Gallegos-Galindo*, 704 F.3d 1269, 1272 (9th Cir. 2013);

*United States v. Jimenez*, 258 F.3d 1120, 1124 (9th Cir. 2001). To satisfy the plain

error test, we must find (1) there is an error; (2) it was plain; (3) the error affected

substantial rights; and (4) the error seriously affected the fairness, integrity or

public reputation of judicial proceedings. *United States v. Cotton*, 535 U.S. 625,

631 (2002).

First, Hechler argues that the district court erred in imposing an upward

adjustment for sadistic conduct under U.S.S.G. § 2G2.2(b)(4) because the

imposition of that adjustment resulted in impermissible "double counting."

"Double counting is permissible if it accounts for more than one type of harm

caused by the defendant's conduct, or where each enhancement of the defendant's

sentence serves a unique purpose under the guidelines." *United States v. Parker*,

136 F.3d 653, 654 (9th Cir. 1998). Here, the district court's application of an

enhancement under U.S.S.G. § 2G2.2(b)(2) and an enhancement under U.S.S.G. §

2G2.2(b)(4) "account[ed] for two 'distinct wrongs.' While § 2G2.2(b)(2) seeks to

account for the particular harm to and vulnerability of young children under the age of twelve, § 2G2.2(b)(4) recognizes that especially egregious sexual abuse of the children depicted may warrant greater punishment." *United States v. Kiefer*, 760 F.3d 926, 932 (9th Cir. 2014). Accordingly, the district court did not commit plain error by imposing a four-level enhancement under U.S.S.G. § 2G2.2(b)(4).

Second, Hechler argues that the district court erred by failing to consider the sentencing disparity between someone who views child pornography and someone who engages in the acts depicted in the pornography. At sentencing, Hechler did not argue that such a disparity existed or provide the district court with evidence showing such a disparity. A district court cannot have committed plain error by failing to address an alleged sentencing disparity that was never placed before it.

Third, Hechler argues that the district court should have given greater scrutiny to the § 2G2.2 Guidelines, citing *United States v. Henderson*, 649 F.3d 955 (9th Cir. 2011). In *Henderson*, we held that "district courts may vary from the child pornography Guidelines, § 2G2.2, based on policy disagreement with them." 649 F.3d at 963. But, we emphasized that "district courts are not obligated to vary from the child pornography Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them." *Id.* at 964. Therefore, even assuming the district court failed to evaluate the § 2G2.2 Guidelines under Hechler's proposed

heightened scrutiny, there was no error because a sentencing court is not required to vary from the child pornography Guidelines on policy grounds. *See Henderson*, 649 F.3d at 963-64. Moreover, the record reflects that the district court was aware of its discretion to depart from the Guidelines, and that it did in fact impose a sentence that varied below the Guidelines range – just not by as many months as Hechler requested. *See United States v. Ayala-Nicanor*, 659 F.3d 744, 753 (9th Cir. 2011) ("[T]hat the court imposed a below Guidelines sentence demonstrates that it was well aware of its ability to do so under Supreme Court precedent."). Accordingly, there was no error, plain or otherwise.

**AFFIRMED.**