**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50402 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-02150-LAB-1 |
| v. | |
| JAVIER URIBE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 6, 2015[**]
Pasadena, California

Before: KOZINSKI, WARDLAW, and W. FLETCHER, Circuit Judges.

Javier Uribe appeals the district court's imposition of a 30-month sentence

following his guilty plea to violating 8 U.S.C. § 1326. We have jurisdiction

pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. Reviewing de novo, *United States v. Kiefer*, 760 F.3d 926, 929 (9th Cir. 2014), we conclude that the district court did not err in calculating the applicable 18-24 month Guidelines range. The court properly increased Uribe's offense level based on a 1991 aggravated felony conviction for receiving stolen property, despite the conviction's age. *See* U.S.S.G. § 2L1.2(b)(1)(C) & cmt. 3 (increasing the offense level by 8 for an aggravated felony, "without regard to the date of conviction"); 8 U.S.C. § 1101(a)(43)(G) (including offenses for "receipt of stolen property" within the definition of aggravated felony).

Nor did the district court abuse its discretion by granting a two-level downward departure, instead of the four-level departure the parties recommended, pursuant to Uribe's "fast track" plea. *See* U.S.S.G. § 5K3.1 ("Upon motion of the Government, the court *may* depart downward not more than 4 levels . . . ." (emphasis added)); *see also United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011) (explaining that discretionary departures under § 5K of the Guidelines are reviewed for substantive reasonableness, not for procedural error); *United States v.*

*Hurt*, 345 F.3d 1033, 1036 (9th Cir. 2003) (holding that a district court is not bound by the parties' sentencing recommendations).[1]

2. The district court did not abuse its discretion by imposing a sentence 6 months above the upper end of the Guidelines range. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). At sentencing, the district court considered the 18 U.S.C. § 3553(a) sentencing factors and Uribe's recidivism, focusing particularly on his multiple drunk driving convictions and his previous 24-month sentence for violating 8 U.S.C. § 1326. We cannot say that imposing a harsher sentence for Uribe's second conviction under the same statute, in an effort to deter future crime and promote respect for the law, was unreasonable. *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) (explaining that the "weight to be given the various factors in a particular case is for the discretion of the district court"). The district court also explicitly considered the staleness of Uribe's aggravated felony conviction and calibrated the upward variance accordingly.

---

[1] Uribe claims that the district court erroneously placed him in criminal history category IV (applicable to defendants with seven, eight, or nine criminal history points), but Uribe does not explain which, if any, of the seven criminal history points relied upon by the district court should not have been counted. Accordingly, we have no basis for concluding that the district court erred.

3

3.  Uribe's claim that his conviction and sentence must be vacated because he was not charged with violating 8 U.S.C. § 1326(b)(2) is meritless.  *See Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998) ("We conclude that [8 U.S.C. § 1326(b)(2)] is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist.  It does not define a separate crime.  Consequently, neither the statute nor the Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment.").[2]

4.  Applying plain error review, we affirm Uribe's conviction and sentence despite the possibility that he misunderstood the maximum sentence he was facing as a result of his guilty plea, in violation of Federal Rule of Criminal Procedure 11(b)(1)(H).  *See United States v. Vonn*, 294 F.3d 1093, 1094 (9th Cir. 2002).  To be sure, Uribe was told before accepting the plea deal that he faced a maximum possible sentence of 10 years' imprisonment, *see* 8 U.S.C. § 1326(b)(1) (authorizing a 10-year maximum when the defendant has a prior non-aggravated felony conviction), when in fact he faced a maximum possible sentence of 20 years' imprisonment, *see* 8 U.S.C. § 1326(b)(2) (authorizing a 20-year maximum when the defendant has a prior aggravated felony conviction).  But the error was

---

[2] Uribe's argument that *Alleyne v. United States*, 133 S. Ct. 2151 (2013), overruled *Almendarez-Torres* is explicitly foreclosed by *Alleyne* itself.  *See* 133 S. Ct. at 2160 n.1.

4

entirely harmless because Uribe was sentenced well below the 10-year maximum sentence he believed he was facing, and he has never asserted that he would not have accepted the agreement had he known that he faced a statutory maximum sentence of 20 years. *See Vonn*, 294 F.3d at 1093-94 (reviewing a district court's Rule 11 violation for plain error and affirming because the defendant did not suffer any prejudice).

**AFFIRMED.**