NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10517 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00038-GEB |
| v. | |
| FRANK W. COON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted March 13, 2018[**]

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Frank W. Coon appeals from the district court's judgment and challenges the 210-month sentence imposed following his jury-trial conviction for receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Coon contends that his sentence is substantively unreasonable in light of the alleged disparity between his sentence and the sentences received by similarly situated defendants. The district court did not abuse its discretion in imposing Coon's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The low-end sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51. Moreover, the district court necessarily considered the issue of unwarranted disparities by properly calculating and reviewing the Guidelines range. *See id.* at 54 ("Since the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities.").

Coon's contention that the manner in which the child pornography guidelines were amended violates the separation of powers doctrine is foreclosed. *See United States v. Kiefer*, 760 F.3d 926, 929-30 (9th Cir. 2014) (rejecting argument that U.S.S.G. § 2G2.2 violates the separation of powers doctrine).

**AFFIRMED.**