NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10471 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-01474-RM-JR-1 |
| v. | |
| JEFFREY EMSING BARD, AKA Jeffrey Bard, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted December 17, 2018[**]
San Francisco, California

Before: M. SMITH and NGUYEN, Circuit Judges, and RESTANI,[***] Judge.

Jeffrey Emsing Bard appeals his sentence following his conviction for

possession and distribution of child pornography. He challenges the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

court's application of certain adjustments under the Sentencing Guidelines ("Guidelines"), as well as the imposition of lifetime supervision to follow his release. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and affirm the sentence.

1.     The district court correctly started with the applicable Guidelines range under U.S.S.G. § 2G2.2 as "the initial benchmark" to aid its decision. *See United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)). As we have previously held, the Guidelines for child pornography are not categorically unreasonable, despite a history of frequent congressional action. *Id*. And, critically, "district courts are not obligated to vary from the child pornography Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them." *Id.*

Similarly, the statistics cited by Bard do not call into question the framework of the various enhancements that applied in his case. We have noted the unique harm to victims of computer usage in these crimes, such as easing the retrieval, distribution, and perpetuation of child pornography via the digital medium. *See United States v. Kiefer*, 760 F.3d 926, 931 (9th Cir. 2014). By contrast, the number of images poses a distinct harm proportionate to culpability. *See United States v. Acosta*, 619 F.3d 956, 962 (8th Cir. 2010) ("[E]nhancing a defendant's sentence for the number of illegal items with which he was involved is a common

2

practice throughout the Guidelines and is not unreasonable."). Despite the frequent imposition of both enhancements with these offenses, each serves a different purpose from the other and from the base offense, and are not "impermissible double counting." *See United States v. Gallegos*, 613 F.3d 1211, 1216 (9th Cir. 2010).

2.     The district court correctly applied the various adjustments when calculating Bard's sentence under the Guidelines. Bard pleaded guilty to "knowingly distribut[ing] the child pornography." Accordingly, he was not eligible for a reduction under § 2G2.2(b)(1), which would have required that his conduct be limited to "receipt or solicitation." For the same reason, the enhancement under § 2G2.2(b)(3)(F) applied because Bard "knowingly engaged in distribution."

The district court properly rejected Bard's request for a role reduction as a minor participant. The adjustment would require that Bard show he was "substantially less culpable than the average participant in the criminal activity," § 3B1.2, comment. (n.3(A)), and that "more than one participant was involved," § 3B1.2, comment. (n.2). But, as Bard acknowledged in his objections, "the only known assessors of the material were government agents," who are explicitly excluded from this analysis. *See* U.S.S.G. § 3B1.1, comment. (n.1).

3.     Bard's sentence was not objectively unreasonable. After calculating

3

the Guidelines range of 151 to 188 months, the Court varied downward for a sentence of 108 months. District courts are not free to vary from the Guidelines "simply based on an individualized determination that they yield an excessive sentence in a particular case." *Henderson*, 649 F.3d at 963. Instead, the court carefully considered the § 3553(a) factors, as it was required to do, and varied substantially downward from the Guidelines sentence. Bard's sentence, based on the nature and circumstances of the offense, his age, and his employment record, was not substantively unreasonable.

4.     Finally, the district court did not abuse its discretion by imposing lifetime supervision. The court considered the comments Bard made to the court, as well as the findings of the sex offense specific evaluation. It concluded that Bard is "a long way from rehabilitation and from working on [his] rehabilitation." In light of the Guidelines' recommendation that supervised release be imposed for life for sexual offenses, U.S.S.G. § 5D1.2(b)(2), p.s., the district court did not abuse its discretion when it evaluated Bard's case and imposed a term of supervision within the Guidelines recommendation.

**AFFIRMED**.