Jeanne A. JORDAN, et al.,
Plaintiffs-Appellees,

v.

Otis T. BOWEN, Secretary of Health and Human Services,
Defendant-Appellant.

No. 84–2226.

United States Court of Appeals,
Tenth Circuit.

Jan. 5, 1987.

---

Christine R. Whittaker (William Kanter, Attys., Appellate Staff Dept. of Justice, Washington, D.C., Richard K. Willard, Asst. Atty. Gen., Washington, D.C., and Larry D. Patton, U.S. Atty., Oklahoma City, Okl., with her on the brief), for defendant-appellant.

John G. Fears, Legal Aid of Western Oklahoma, Norman Law Center, Norman, Okl. (Neal S. Dudovitz and Gill Deford, National Senior Citizens Law Center, Los Angeles, Cal., and Laura M. Rosenthal, Massachusetts Law Reform Institute, Boston, Mass., with him on the brief), for plaintiffs-appellees.

Before HOLLOWAY, Chief Judge, and BALDOCK and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Under the Social Security Act, a "representative payee" appointed by the Secretary of Health and Human Services receives benefits for the use of a "beneficiary" unable to manage his or her own affairs. 42 U.S.C. §§ 405(j) and 1383(a)(2). The individual plaintiffs brought the present action in September, 1979, against the Secretary, seeking, *inter alia*, to compel the Secretary to adopt a plan calling for mandatory periodic accounting by such representative payees. There are approximately 5.5 million Title II and Title XVI beneficiaries in representative payment status.

In September, 1980, the district court certified a nationwide plaintiff class consisting of all recipients of Social Security benefits (Title II) and Supplemental Security Income (Title XVI) who then had a representative payee or had such a payee within six years prior to the filing of the action. Discovery ensued, and thereafter the plaintiffs and the defendant filed motions for summary judgment.

On March 17, 1983, the district court ruled against the plaintiffs on all issues raised by the motions for summary judgment except the one that precipitates the present appeal. In this latter regard, the district court held that due process requires mandatory periodic accounting by representative payees and ordered the Sec-

retary to "implement appropriate mandatory periodic accounting procedures within one year from the date of this Order." Both parties appealed from this order. The Secretary later moved to dismiss his appeal, which motion was granted and his appeal was dismissed. The plaintiffs' cross-appeal continued and was later heard by a panel of this Court, which affirmed that portion of the order of the district court which the plaintiffs appealed. *Jordan v. Heckler,* 744 F.2d 1397 (10th Cir. 1984).

On February 1, 1984, plaintiffs filed a motion to enforce the judgment and order of March 17, 1983. The Secretary, in the meantime, had developed a proposed accounting program for representative payees, which, in essence, included notification to all representative payees, that they must maintain records regarding the use of benefits received and that they might be required to account for the use of these benefits. Further, under the proposed plan, there would be an annual selection of 10 percent of these representative payees for an actual accounting and a follow-up verification for those payees who did not respond to the request for an accounting or those whose response was inadequate.[1]

The plaintiffs objected to the Secretary's proposed plan, and the district court, after hearing, on March 26, 1984, rejected the proposed plan, holding, *in essence,* that due process required that all representative payees make a periodic accounting. Specifically, the district court ordered the Secretary to take "immediate steps to provide all representative payees with SSA–623 forms and ensure the completion and return of those forms. The defendant is further ordered to implement or maintain reasonable methods of verifying information submitted by representative payees."[2]

The Secretary filed a notice of appeal from the district court's order of March 26, 1984.[3] That appeal was dismissed by this Court as being premature since a motion under Fed.R.Civ.P. 59 was then pending in the district court. On July 2, 1984, the district court granted the Rule 59 motion and amended its earlier order of March 26, 1984, to the end that the Secretary need not require the completion of form SSA–623 by institutions acting as representative payees for mentally ill and mentally retarded beneficiaries within their institutions, the district court believing that an on-site inspection of such institutions was sufficient.[4] On August 29, 1984, the Secretary again filed a notice of appeal from the district court's order of March 26, 1984, as amended by its order of July 2, 1984. A stay of the district court's order, as amended, was granted by another panel of this Court.

On October 9, 1984, the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794, became law. Section 16 of this Act provides for monitoring of all representative payees through, *inter alia,* an accounting program. The statute, however, exempts from the accounting program all representative payees whose beneficiaries are their children or their spouse and who live in the same household as the representative payee. We are advised that the Secretary, while the present appeal was pending in

---

1. We do not know whether a formal proposed accounting program was actually submitted to the district court. However, the essentials of the program were outlined in documents filed with the district court and included in the record on appeal. As proposed, the plan would have resulted in annual accountings for approximately 550,000 beneficiaries whose payments were made through representative payees.

2. SSA Form–623 was an initial form designed to be an indicator of representative payee performance. Based on the payee's responses or non-responses, the form could trigger Form SSA–624,

which would require more detailed expenditures information and involve a home visit and interviews.

3. We express no opinion as to whether the district court's order of March 26, 1984, is a *final* judgment. From the record before us it is difficult to tell.

4. The district court ordered that institutions acting as representative payees must undergo on-site reviews by the Secretary at least once every three years; further, continual monitoring by district Social Security offices must be provided.

this Court, filed a motion in the district court for an "Indicative Ruling" and Relief from Judgment, asserting that the new statutory accounting requirements were adequate and thus the district court's earlier order was unnecessary.[5] In connection with that motion, the district court, by order of January 18, 1985, recognized that it had no jurisdiction to *grant* relief from judgment under Fed.R.Civ.P. 60(b) since an appeal was then pending in this Court. However, the district court, citing *Aune v. Reynders,* 344 F.2d 835 (10th Cir.1965), "indicated" that it would not grant any relief from judgment on the grounds urged by the Secretary, i.e., the intervening Act of Congress. In thus indicating, the district court opined that the 1984 Act of Congress did not measure up to the requirements of due process, and that due process required some form of mandatory periodic accounting by *all* representative payees, excepting only institutions acting as representative payees.

■ The present appeal is from the district court's order of March 26, 1984, as amended by its order of July 2, 1984. Appellate procedure requires that an appellant's brief shall contain an argument with appellant's contentions with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on. Fed.R. App.P. 28(a)(4). Appellants who fail to argue the issue in their brief are deemed to have waived their contention on appeal. *Bledsoe v. Garcia,* 742 F.2d 1237, 1244 (10th Cir.1984).

In this Court, the Secretary makes no attack, as such, on the March 26 order of the district court. In other words, the Secretary in the present appeal makes *no* argument that an annual accounting by 10 percent of the representative payees meets due process. Accordingly, the Secretary

has, in a real sense, abandoned any challenge to the order from which the appeal is taken. In such circumstance, the appeal should be dismissed.

■ However, the Secretary, in the present appeal, attempts to challenge, and vigorously so, the district court's so-called indicative order of January 18, 1985. In this connection, the Secretary argues that the 1984 Act of Congress is constitutional, i.e., it is not violative of due process even though because of its exceptions it does not require mandatory periodic accounting by all representative payees, and that the Act therefore controls. We do not regard that particular matter to be before us in the present appeal.

In its order of January 18, 1985, the district court relied on *Aune v. Reynders,* 344 F.2d 835 (10th Cir.1965) as authority for its consideration of the Secretary's motion for relief from judgment. In *Aune,* at page 841, this Court spoke as follows:

> In ordinary civil cases the rule is that after an appeal has been taken the district court retains jurisdiction to consider and deny a Rule 60(b) motion and, if it indicates that it will grant the motion, the movant may then ask the Court of Appeals to remand the case so that the district court may act. If the motion is denied, the movant may appeal from the order of denial.

In its order of January 18, 1985, the district court purported to "grant" the Secretary's motion for an indicative ruling, but, at the same time, the district court also clearly stated that it would *not* grant the Secretary any relief from the judgment entered on March 26, 1984. Although such does not comport precisely with the language from *Aune* above cited, the effect of the district court's order of January 18, 1985, was, and clearly so, to deny the Secretary any relief from judgment.[6] From

---

5. The motion is not included in the record before us. Hence, we do not know its contents.

6. This Court in *Aune* cited *Greear v. Greear,* 288 F.2d 466 (9th Cir.1961). In *Greear,* the Ninth Circuit commented as follows:

> In such circumstances the proper procedure is for appellant to file its rule 60(b) motion in the district court. If that court indicates that it will grant the motion, appellant should then make a motion in this court for a remand of the case in order that the district court may

our search of the record before us, no appeal was taken by the Secretary from the district court's order of January 18, 1985. Therefore, the correctness of that particular order is not before us by direct appeal and cannot somehow be injected into the appeal from the district court's order of March 26, 1984.

This appeal is dismissed.

grant such relief, following which a supplemental record showing such proceedings may be filed in this court. Appellant may appeal from an order of the district court denying the rule 60(b) motion, and appellee may appeal from an order of the district court granting such relief, any such appeal to be consolidated with the pending appeals. Citing *Binks Mfg. Co. v. Ransburg Electro-Coating Co.,* 281 F.2d 252, 260–61 (7th Cir.1960); *Ferrell v. Trailmobile, Inc.,* 223 F.2d 697, 699 (5th Cir. 1955); *Smith v. Pollin,* 194 F.2d 349–50, (D.C. Cir.1952).