FILED
United States Court of Appeals
Tenth Circuit

March 24, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHRISTOPHER NATHANUEL EL-
BEY WASHINGTON,

      Plaintiff - Appellant,

v.

ELLAOISE WASHINGTON, and
ERMMA LAST NAME UNKNOWN
(LNU),

      Defendants - Appellees.

No. 14-3217
(D. of Kan.)
(D.C. No. 6:14-CV-01215-EFM-KGG)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

---

Christopher Washington, a state prisoner proceeding pro se,[1] appeals the

district court's dismissal of claims arising out of an alleged breach of contract.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Consequently, we "review his pleadings and filings liberally." *Lewis v. C.I.R.*, 523 F.3d 1272, 1273 n.1 (10th Cir. 2008).

The district court dismissed the action under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

Mr. Washington, invoking diversity jurisdiction, filed a pro se complaint alleging a breach of contract by his ex-wife, Ellaoise Washington, and a second defendant, Ermma LNU (Last Name Unknown) (Jane Doe).[2] The complaint was devoid of details regarding the alleged breach beyond conclusory allegations that the defendants breached a contract.

The district court ordered Mr. Washington to amend his complaint and show cause as to why it should not be dismissed for failure to state a claim. Because the court did not receive an amended complaint within thirty days, it dismissed the complaint on that ground. A day later, the court received Mr. Washington's timely postmarked response. Although that response was not much clearer than the original complaint, it did direct the court's attention to an affidavit by Ms. Washington, which had been attached to the original complaint.

---

[2] He also purported to bring a "Second Cause Of Action" for "Default and Enforcement of Lien." R., Vol. I at 7. But neither his complaint nor his response to the district court's subsequent order to show cause describe an intelligible claim on this point. Thus, the district court correctly dismissed that claim. Moreover, he waived any challenge to that aspect of the district court's decision by making no arguments regarding this cause of action on appeal. *See Jordan v. Bowen*, 808 F.2d 733, 736 (10th Cir. 1987).

In the affidavit, Ms. Washington stated Mr. Washington gave her $500 in exchange "for taking full responsibility and assisting [him]" regarding another case he had filed in federal court.[3]  *Id.* at 19.  She further admitted she breached the agreement and that she caused the damages Mr. Washington alleged.  But nothing in the response to the order to show cause elaborated how either defendant allegedly breached the contract beyond bare assertions that they did.  Because the district court found the response insufficient to show cause, it reaffirmed its dismissal of the complaint.

## II.  Discussion

We review the district court's dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim de novo, applying the same standard of review applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6).  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere

---

[3]  On appeal, Mr. Washington claims (for the first time, as far as we can tell) that he *lent* Ms. Washington this money to "discharge a $29,000 IRS debt." Aplt. Br. at 3.  To the extent this shift is intended as an argument, Mr. Washington failed to explain why we should consider this otherwise forfeited argument.  *See Richison v. Ernest Grp.*, 634 F.3d 1123, 1128, 1131 (10th Cir. 2011) (holding we only reverse "a district court's judgment on the basis of a forfeited theory" if appellant explains why "failing to do so would entrench a plainly erroneous result").  It would at any rate have no effect on our conclusion.

conclusory statements, do not suffice," and we "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* The question is whether the allegations actually entitled to the assumption of truth "plausibly support a legal claim for relief"—that is, whether they "raise a right to relief above the speculative level." *Kay*, 500 F.3d at 1218. A plaintiff who provides only "conclusory allegations without supporting factual averments" has failed to discharge his burden. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Not even pro se plaintiffs need "special legal training to recount the facts surrounding [their] alleged injury, and [they] must provide such facts if the court is to determine whether [they make] out a claim on which relief can be granted." *Id.*

We now turn to the breach of contract claims. To state a claim for breach of contract in Kansas, a plaintiff must plead "(1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) the defendant's breach of the contract; and (5) damages to the plaintiff caused by the breach." *Stechschulte v. Jennings*, 298 P.3d 1083, 1098 (Kan. 2013).

We first address the claim against Ms. Washington. In evaluating the sufficiency of a complaint, we "may consider not only the complaint itself, but also attached exhibits . . . and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). But

even incorporating the admissions in Ms. Washington's affidavit into the complaint would not save this claim. True, Ms. Washington purports to admit that (1) a contract existed, (2) Mr. Washington gave consideration for the contract, (3) she breached the contract, and (4) she caused damages in the amount he alleged. Those admissions, however, are no more than "[t]hreadbare recitals of the elements" of a breach of contract, "supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. An "unadorned, the-defendant-unlawfully-harmed-me accusation" will not do, *id.*, and neither will an unadorned "I-unlawfully-harmed-the-defendant" admission. Put another way, Mr. Washington's complaint still would have been deficient had it alleged what Ms. Washington purports to admit in her affidavit. Incorporating conclusory allegations via an affidavit cannot make them actionable. Consequently, Mr. Washington failed to state a claim against Ms. Washington.

Mr. Washington's claim against defendant Doe also fails. He made no specific allegations regarding her supposed breach beyond claiming that "[b]oth defendants contracted to assist plaintiff" and that they both breached that contract. R., Vol. I at 6. He failed to plead how she breached any contract at issue here, or for that matter that any contract backed by consideration existed between them. The claim of breach is a "conclusory allegation[] without supporting factual averments," and is "insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110. For the same reasons, the complaint also

-5-

fails to satisfy Federal Rule of Civil Procedure 8's requirement that a complaint "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235–36 (10th Cir. 2013). The district court properly dismissed the claim against defendant Doe.[4]

## III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.[5] Appellant's motion to proceed *in forma pauperis* is denied. Appellant is ordered to immediately pay to the filing fee in full.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge

---

[4] In his brief, Mr. Washington claims Ms. Washington "contracted to hire [defendant Doe] and to pay [her] to create [an] e-commerce website and maintain operations in the capacities [sic] of webmaster," and that defendant Doe "breached the said contract due to [Ms. Washington's] direction." Aplt. Br. at 3–4. If Mr. Washington means to assert that defendant Doe acted as Ms. Washington's agent, his failure to explain why we should consider this newly raised argument waived it. *Richison*, 634 F.3d at 1131 (noting that failure to argue for "plain error and its application on appeal" to otherwise forfeited arguments waives the arguments before this court). Even if we considered the argument, it could not cure the deficiencies of the *complaint* with respect to defendant Doe.

[5] We deny Mr. Washington's motion "requesting leave to be relieved from district court judgment" based on allegedly newly discovered evidence, which in reality is his attempt to elaborate upon and bolster arguments he made in his appellate brief. Nothing in that filing, even if we considered it, would change our conclusion here.