**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 23, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ANTHONY D. WARD,

    Plaintiff - Appellant,

v.

LUTHERAN MEDICAL CENTER;
AMANDA E. KAO, M.D.; KEVIN
FLYNN, M.D.; BRIDGETT LAURO,
M.D.; JANE DOE TRAVELER NURSE 1;
JANE DOE TRAVELER NURSE 2;
LESLIE PRATT, R.N., (Patient
Representative); LYNNE WEST, R.N.,
(Risk Management); SCOTT MINER,
Medical Director of the ED, FACEP;
JANE DOE TRIAGE NURSE, RN;
JOHN/JANE DOE, Clinical Manager of
the ED; HALL & EVANS, LLC, Law
Firm; CHAD GILLIAM, Esq.; KRISTINA
RICHARDS; DEPARTMENT OFFICE OF
JEFFERSON COUNTY
COMMISSIONER(S), in their official
capacity; OFFICE OF COLORADO
DEPARTMENT OF PUBLIC HEALTH &
ENVIRONMENT; GRANT WICKLUND,
President and CEO of Exempla Lutheran
Medical Center,

    Defendants - Appellees.

No. 18-1308
(D.C. No. 1:18-CV-00232-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral

_____

Before **HARTZ**, **MATHESON**, and **CARSON**, Circuit Judges.
_____

Anthony Ward, proceeding pro se,[1] appeals the dismissal of the civil suit he filed under 42 U.S.C. § 1983, the Privacy Act, the Emergency Medical Treatment and Active Labor Act, and state law. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm in part, reverse in part, and remand.

## I.  Background

On October 10, 2016, Mr. Ward sought emergency medical treatment at Lutheran Medical Center ("Lutheran") in Jefferson County, Colorado, for abdominal pain, diarrhea, nausea, and difficulty breathing, which he attributed to food poisoning or an accidental drug overdose. Hospital personnel performed an EKG and a CT scan before discharging him. Within eight hours of his discharge, Mr. Ward was admitted to Denver Health Medical Center in acute renal failure.

In June 2017, Mr. Ward filed a grievance with Lutheran regarding the treatment he received on October 10, 2016. In July 2017, he contacted the Colorado Department of Public Health and the Environment (CDPHE) to complain about the

_____

estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Ward is proceeding pro se, we construe his filings liberally, but we do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

treatment, how his grievance was handled, and the denial of his requests for access to the hospital's operating procedures, insurance information, and legal counsel.

On January 29, 2018, Mr. Ward filed this suit against Lutheran, multiple doctors and nurses involved in his treatment, hospital staff and legal counsel who reviewed his grievance, the Jefferson County Commissioners, and the CDPHE. He amended his complaint once as a matter of course and once in response to a magistrate judge's order that he cure pleading deficiencies.

In his second amended complaint, the operative complaint here, Mr. Ward claimed that (1) the hospital and its agents and employees violated his right to equal protection under the Fourteenth Amendment and the Emergency Medical Treatment and Active Labor Act (EMTALA); (2) Lutheran's representatives and legal counsel who handled his grievance violated ethics rules in violation of 42 U.S.C. § 1983 and the Privacy Act; and (3) the Jefferson County Commissioners should enact laws forcing Lutheran to provide better care to minorities and drug patients. He requested money damages in the "maximum amount recoverable for all malpractice claims, 1983 and emotional duress." R. Vol. 2 at 416.

The district court reviewed the second amended complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B). It dismissed Mr. Ward's § 1983 claims, holding that (1) all but two of the defendants were non-state actors who could not be sued under § 1983, and Mr. Ward had not plausibly alleged that the non-state defendants had acted in concert with government officials to violate his constitutional rights; (2) Jefferson County could not be liable under § 1983 because Mr. Ward had not

3

alleged that any county employee had violated his constitutional rights; and (3) the CDPHE was immune from suit for damages under the Eleventh Amendment.

The district court dismissed the Privacy Act claim holding that 5 U.S.C. § 522a did not apply because it governs the disclosure of personal records by a federal agency, Mr. Ward's records did not originate from a federal agency, and he had not named any federal agencies as defendants.

Finally, the district court dismissed the EMTALA claim, holding the negligence and malpractice allegations against Lutheran and its providers were not actionable because the statute does not provide a remedy for negligence or medical malpractice.

In sum, the district court dismissed the claims against the CDPHE without prejudice based on Eleventh Amendment immunity, dismissed the remaining federal claims as legally frivolous, and declined to exercise supplemental jurisdiction over the state law claims. Mr. Ward timely appealed.

## II. Discussion

We review the district court's determination of Eleventh Amendment immunity de novo. *Arbogast v. Kansas, Dep't of Labor*, 789 F.3d 1174, 1181 (10th Cir. 2015). "We generally review a district court's dismissal for frivolousness under § 1915 for abuse of discretion[, but] where the frivolousness determination turns on an issue of law, we review the determination *de novo*." *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006) (citation omitted). With the exception of Mr. Ward's EMTALA claim, we affirm the decision of the district court.

4

## A. *Section 1983 and Privacy Act Claims*

On appeal, Mr. Ward does not present any argument regarding the district court's dismissal of his § 1983 claims against the county and the CDPHE or the dismissal of his Privacy Act claims so he has waived any challenge to those rulings.[2] *Jordan v. Bowen*, 808 F.2d 733, 736 (10th Cir. 1987) (noting that issues not raised in the opening brief are waived).

Mr. Ward does, however, argue that the private party defendants can be held liable as a state actors under § 1983. He contends, in particular, that because the state regulates and funds Lutheran, it can be a § 1983 defendant. We disagree. State regulation and government funding are not enough for liability. *See Blum v. Yaretsky*, 457 U.S. 991, 1011 (1982) (noting that neither extensive regulation nor government funding transform private action into government action). The plaintiff must allege facts showing such a close nexus between the challenged action of the regulated entity and the state that the action of the regulated entity can be considered the action of the state itself. *Id.* at 1004. We agree with the district court that

---

[2] Mr. Ward does challenge the magistrate judge's order to cure pleading deficiencies insofar as it noted that the "Health Insurance Portability and Accountability Act of 1996 (HIPAA) . . . does not create a private right of action for alleged disclosures of confidential medical information." R. Vol. 2 at 349-50 (internal quotation marks omitted). But Mr. Ward did not object to the magistrate judge's order in the district court. Nor did he reassert a HIPAA violation in his second amended complaint. It is well-settled that we cannot consider a challenge to a magistrate judge's nondispositive order unless the party requesting review first objected to the order in the district court. *Pippinger v. Rubin*, 129 F.3d 519, 533 (10th Cir. 1997).

Mr. Ward's allegations against Lutheran and the other nonstate actors do not establish state action.

### B. *EMTALA Claim*

By contrast, we are not convinced that Mr. Ward's EMTALA claim is entirely frivolous. "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The frivolous standard applies to claims "based on an indisputably meritless legal theory" or claims "describing fantastic or delusional scenarios," *id.* at 327-28, but not to claims that merely fail to state a claim upon which relief can be granted, *id.* at 328.

Courts have recognized a private right of action under EMTALA to allege violations of two primary obligations of participating hospitals. *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 796 (10th Cir. 2001). "First, the hospital must conduct an initial medical examination to determine whether the patient is suffering from an emergency medical condition." *Id.* Second, if an emergency medical condition exists, the hospital must stabilize the patient before transfer or release. *Id.*; *see also Delaney v. Cade*, 986 F.2d 387, 392 (10th Cir. 1993) (noting that a hospital can violate the EMTALA "by failing to stabilize a patient's emergency medical condition before transferring or releasing the patient"). An EMTALA complaint must allege a violation of at least one of these obligations. The statute does not provide a remedy for negligence or medical malpractice. *Repp v. Anadarko Mun. Hosp.*, 43 F.3d 519, 522 (10th Cir. 1994).

6

Mr. Ward's complaint is replete with allegations of negligence and medical malpractice. The district court correctly dismissed his EMTALA claim as legally frivolous to the extent it was based on these allegations. But the complaint also repeatedly alleges failure of medical staff to stabilize his blood pressure before discharge, resulting in acute renal failure. *See, e.g.*, R. Vol. 2 at 398 ("Mr. Ward's blood pressure was never stabilized which deprived the plaintiff of equal protection of the law pursuant to . . . [the EMTALA]"); *id.* ("This is Plaintiff/Patient Ward[']s intake blood pressure 133/52 (hypotension) and this is Patient Ward[']s blood pressure at the time of discharge 143/77 (hypertension)."); *id.* ("[P]laintiff[']s blood pressure at discharge denotes stage 1 hypertension which leads to stroke, heart failure, heart attack and kidney failure to name a few conditions [and] Plaintiff/Patient Ward experienced a few of these conditions just a few hours after leaving Lutheran . . . ."); *id.* at 400 ("Defendant(s) unidentified nurse one and two … knew plaintiff[']s blood pressure was never stabilized.").

These allegations do not rest on "an indisputably meritless legal theory" under the EMTALA. To the extent Mr. Ward alleged an EMTALA violation for failure to stabilize his blood pressure before discharge, the district court erred in dismissing the claim against Lutheran as legally frivolous.[3]

---

[3] The EMTALA does not provide a private right of action against individual physicians or other hospital personnel. *Delaney*, 986 F.2d at 394.

## III. Conclusion

We reverse the district court's dismissal of Mr. Ward's EMTALA claim against Lutheran as legally frivolous to the extent it is based on an alleged failure to stabilize an emergency medical condition. We remand this claim for further proceedings consistent with this decision. Because we remand this federal claim, the district court should revisit its decision to decline supplemental jurisdiction over Mr. Ward's state law claims. *See Baca v. Sklar*, 398 F.3d 1210, 1222 n.4 (10th Cir. 2005) (directing district court to reconsider decision to decline supplemental jurisdiction over state law claims in light of remand of federal claim). We affirm the district court's decision in all other respects. Mr. Ward's motion for leave to proceed on appeal without prepayment of costs and fees is granted.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

8