**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KENT G. SAVAGE,

    Plaintiff - Appellant,

v.

JEFFREY TROUTT, individual and
official capacity; TAMI GROGAN,
individual and official capacity; GENESE
MCCOY, individual and official capacity;
DEPARTMENT OF CORRECTIONS,

    Defendants - Appellees.

No. 18-6155
(D.C. No. 5:15-CV-00670-HE)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Kent Savage sued the Oklahoma Department of Corrections ("ODOC") and

three of its employees under 42 U.S.C. § 1983, the Americans with Disabilities Act

(ADA), and Oklahoma state law. Proceeding pro se,[1] he now appeals the district

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Savage was pro se when he filed the underlying suit. He retained
counsel at the summary judgment stage but is once again pro se on appeal. We

court's orders dismissing some of his claims for failure to state a claim and granting summary judgment to the last remaining defendant on the rest. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

Mr. Savage suffers from multiple sclerosis (MS). He was diagnosed at the age of 33 and had at least one MRI and one consultation with a neurologist before he was incarcerated in January 2012. From January 2012 to August 2014, Mr. Savage was housed at the Joseph Harp Correctional Center (JHCC) in Lexington, Oklahoma where prison doctors provided him with Copaxone, an MS maintenance medication, Metamucil to offset the constipating side effects of Copaxone, and Flonase to treat sinus problems and allergies.

In August 2014, Mr. Savage was transferred from the JHCC to the James Crabtree Correctional Center (JCCC) in Helena, Oklahoma, where he remained until June 2015. He alleges that Dr. Jeffrey Troutt, the treating physician at the JCCC, refused to refill his Flonase and Metamucil and gave no reason for discontinuing these medications.

In January 2015, Dr. Troutt referred Mr. Savage to the University of Oklahoma Medical Center for an MRI and examination by a specialist neurologist in connection with his MS. The neurologist instructed Mr. Savage to continue Copaxone and

---

construe his pro se filings liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), but we do not afford the same liberal construction to the filings of counsel below, *see Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994).

prescribed gabapentin "for neuropathic pain/paresthesias" and docusate for constipation.[2] R. Vol. 3 at 21. Mr. Savage alleges that Dr. Troutt refused to provide him with gabapentin and docusate as prescribed by the neurologist. Dr. Troutt eventually gave Mr. Savage a medication similar to Flonase to treat his sinus and allergy issues.

Mr. Savage filed three grievances related to Dr. Troutt's refusal to provide him with gabapentin, Metamucil and Flonase. JCCC's Health Service Administrator, Tami Grogan, denied all three grievances. Genese McCoy, Medical Service Administrator for the ODOC and the Administrative Review Authority for medical grievances, denied Mr. Savage's appeals.

On June 19, 2015, Mr. Savage filed this suit against the ODOC, Dr. Troutt, Tami Grogan, and Genese McCoy. He alleged his condition degenerated considerably after his arrival at the JCCC. He suffered increasing pain and lost coordination. He fell when he tried to exercise by running and could not walk more than 30 minutes without his legs giving out. The tingling in his feet and legs worsened and interfered with life activities and sleep. He had serious respiratory and sinus problems. He also suffered severe headaches, stress, fear, and emotional distress.

Mr. Savage asserted claims under 42 U.S.C. § 1983, alleging that the individual defendants were deliberately indifferent to his serious medical needs in

---

[2] Mr. Savage intermittently refers to gabapentin as Neurontin, one of the generic drug's brand names. He also uses Metamucil and docusate interchangeably.

violation of the Eighth Amendment by failing to properly treat (1) his neuropathic pain associated with multiple sclerosis ("neuropathic pain claim"); (2) his MS-related constipation and abdominal pain ("abdominal pain claim"); and (3) his sinus condition ("sinus claim").[3]  He alleged that the ODOC violated the ADA by denying him the benefits of services offered by the JCCC's health services department.  And he alleged state law claims against the three individual defendants for intentional infliction of emotional distress (IIED) and against defendants Grogan and McCoy for violating his state law right to a fair and adequate grievance process.  Mr. Savage sued the individual defendants for monetary damages in their individual and official capacities.  He sought unspecified injunctive relief against the ODOC.

The defendants moved to dismiss for failure to state a claim.  The assigned magistrate judge recommended that the motion be granted except as to the Eighth Amendment abdominal pain claim against Dr. Troutt.  In addition, although the defendants had not addressed Mr. Savage's ADA claim or his state IIED claim in their motion, the magistrate judge recommended that both claims be dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c)(1) for failure to state a claim.  The district court adopted the magistrate judge's recommendation in all but one respect.  In addition to the abdominal pain claim against Dr. Troutt, the district court also allowed the neuropathic pain claim against Dr. Troutt to proceed.

---

[3] Although Mr. Savage listed these three medical issues under a single Eighth Amendment count, for clarity in its discussion the district court treated them as three separate Eighth Amendment claims, and we will do the same.

4

It otherwise overruled Mr. Savage's objections and dismissed all other claims and defendants.

Dr. Troutt then moved for summary judgment on the two remaining Eighth Amendment claims arguing that Mr. Savage had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and he was entitled to qualified immunity. On the magistrate judge's recommendation and supplemental recommendation, the district court granted qualified immunity to Dr. Troutt on both claims. Mr. Savage timely appealed.

## II. DISCUSSION

### A. Claims Dismissed for Failure to State a Claim

We review a district court's dismissal for failure to state a claim de novo. *See McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001). For purposes of determining whether a plaintiff has stated a claim, we take all well-pleaded factual allegations in the complaint as true. *Id.*

### 1. Eighth Amendment Claims

"A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). To establish deliberate indifference a plaintiff must show that, objectively, the medical need was sufficiently serious and, subjectively, the prison official knew of and disregarded a substantial risk of serious harm to the inmate. *Id.* To satisfy the subjective component, the prison official "must both be aware of facts from which the inference

5

could be drawn that a substantial risk of serious harms exists, and he must also draw the inference." *Id.* (alteration and internal quotation marks omitted).

The district court dismissed Mr. Savage's Eighth Amendment claims against Dr. Troutt, and Ms. Grogan and Ms. McCoy in their official capacities as barred by the Eleventh Amendment. Mr. Savage does not challenge this ruling in his opening brief, and thus any argument for reversal is waived. *Jordan v. Bowen*, 808 F.2d 733, 736 (10th Cir. 1987) (noting that issues not raised in the opening brief are waived).

The district court dismissed Mr. Savage's sinus claim against Dr. Troutt in his individual capacity for failure to state a claim because Mr. Savage had not alleged facts suggesting that his sinus condition was sufficiently serious. Mr. Savage does not challenge this ruling in his opening brief, and it is waived. *Id.*

The district court dismissed all of Mr. Savage's Eighth Amendment claims against Ms. Grogan and Ms. McCoy in their individual capacities for failure to state a claim because he failed to allege that they acted with the requisite state of mind—awareness of and disregard for a substantial risk of serious harm.

On appeal, Mr. Savage argues that through their review of the grievances he submitted, Ms. Grogan and Ms. McCoy were personally aware that Dr. Troutt refused to provide the medications the specialist had prescribed. By denying his grievances, he asserts they ratified Dr. Troutt's denial of proper medical care. He also argues that Ms. Grogan and Ms. McCoy were aware of other complaints and lawsuits against Dr. Troutt. But as the magistrate judge explained, Mr. Savage did not allege in his complaint that either defendant was aware that Mr. Savage faced a substantial risk of

6

harm without the prescribed medications, nor could a substantial risk of harm be inferred from the three grievances.[4] We agree with the magistrate judge's thorough analysis of this issue as adopted by the district court.

### 2. ADA Claim

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. It prohibits discrimination against a disabled individual in the provision of medical services on the basis of that person's disability, but it does not create a remedy for medical malpractice. *See Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005). In other words, allegations that a prisoner received inadequate medical treatment for a disability are not the same as allegations that a prisoner was denied access to medical services because of his disability. The former are not actionable under the ADA. *Id.*

Mr. Savage conceded in his complaint that he had not been "wholly precluded from participating in the prison's health services," R. Vol. 1 at 30, but he suggested the refusal to provide him with the necessary medications was discriminatory because

---

[4] The defendants included the grievances in a *Martinez* report filed with their motion to dismiss. *See Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978) (per curiam). Because Mr. Savage referred to the grievances in his complaint and neither side disputes their authenticity, the grievances may be considered in determining whether Mr. Savage sufficiently stated a claim. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). None of the three grievances described any of Mr. Savage's symptoms or pain such that Ms. Grogan and Ms. McCoy could infer that Mr. Savage faced a substantial risk of harm without the prescribed medications.

7

"other JCCC inmates [were] provided with Neurontin (gabapentin) and Metamucil," *id.*, and he was not. Reiterating these allegations in his opening brief, Mr. Savage insists he stated a claim for disability discrimination under the ADA.

In recommending that the district court sua sponte dismiss this claim for failure to state claim, the magistrate judged viewed Mr. Savage's allegations as falling "within the category of claims alleging that the medical treatment that a plaintiff received or had access to was inadequate, and not that of claims alleging that a plaintiff was discriminatorily precluded from access to medical treatment altogether," R. Vol. 1 at 439 (alteration and internal quotation marks omitted). Again, we agree with the magistrate judge's thorough analysis of this issue as adopted by the district court.

### 3. *State Law Claims*

The district court dismissed Mr. Savage's claim that Ms. Grogan and Ms. McCoy violated his state law right to a fair and adequate grievance process under Okla. Stat. tit. 57, § 566.3(G)[5] for failure to state a claim because the statute itself

---

[5] The statute reads, in relevant part,

> The Department of Corrections and each sheriff is hereby authorized to adopt a grievance procedure at its institutions for receiving and disposing of any and all grievances by prisoners . . . . All such grievance procedures, including the prisoner disciplinary process, shall be deemed to be the exclusive internal administrative remedy for complaints and grievances.

Okla. Stat. tit. 57, § 566.3(G)(1).

does not establish a legal right to a fair and adequate process or create a private right of action for its violation.

On appeal, Mr. Savage argues that because the statute mandates that the grievance procedures are the exclusive administrative remedy for prisoner grievances, due process requires fair procedures. Because the procedures are not fair, he insists he raised a cognizable due process claim. To the extent Mr. Savage asserts a constitutional due process argument, we decline to consider this argument for the first time on appeal. In the district court Mr. Savage expressly "did not claim that he has an independent constitutional right to state administrative grievance procedure," relying instead on a right allegedly created by § 566.3(G). R. Vol. 1 at 298. We agree with the district court that the statute itself does not create an enforceable right to any particular process, and Mr. Savage has not offered any legal authority to the contrary.[6]

Finally, the district court sua sponte dismissed Mr. Savage's state law claim for intentional infliction of emotional distress for failure to state a claim because he had not alleged facts suggesting that the defendants' conduct was extreme and outrageous or that his resulting emotional distress was sufficiently severe. Mr.

---

[6] Mr. Savage notes that under Okla. Stat. tit. 12, § 2017(B), anyone can sue or be sued unless there is a law to the contrary. But having the capacity to sue is not the same as having a "right of action"—"a right that can be enforced by legal action," Black's Law Dictionary 16c (11th ed. 2019); *see also* Charles Alan Wright, et al., 6A Fed. Prac. & Proc. Civ. § 1559 (3d. ed.) ("Capacity has been defined as a party's personal right to come into court, and should not be confused with the question of whether a party has an enforceable right . . . .").

Savage does not challenge the district court's grounds for dismissing this claim and thus, any argument for reversal is waived.[7] *Jordan*, 808 F.2d at 736.

## B.      Claims Dismissed on Summary Judgment

We also review de novo the district court's grant of summary judgment. *McBride*, 240 F.3d at 1289.  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  When a defendant raises the defense of qualified immunity on summary judgment, "the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established."  *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).

---

[7] Mr. Savage does argue that the district court should not have dismissed portions of his complaint prior to discovery because the court had ordered service of the complaint and a *Martinez* report.  It appears this argument is directed at the court's sua sponte dismissal of his ADA claim and his state law IIED claim.  To the extent Mr. Savage is challenging the district court's authority to sua sponte dismiss pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1), he is simply wrong.  Both statutes authorize the court to act sua sponte and neither statute limits sua sponte dismissal to the period prior to service.  *See* 28 U.S.C. § 1915A (directing the court to review a prisoner complaint "before docketing, if feasible or, in any event, as soon as practicable after docketing" and dismiss any portion of the complaint that fails to state a claim); 42 U.S.C. § 1997e(c) (providing, in suits relating to prison conditions, that the court (1) "shall on its own motion" dismiss any action that fails to state a claim, and (2) may dismiss any claim that fails to state a claim without first requiring exhaustion of administrative remedies); *see also Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012) (noting that courts have flexibility in deciding when dismissal pursuant to PLRA's screening provisions is appropriate).  Moreover, the district court did not rely on the evidence in the *Martinez* report, so it was not required to convert the defendants' motion to dismiss into a motion for summary judgment and allow discovery.  *See Gee*, 627 F.3d at 1186.

10

The district court granted summary judgment to Dr. Troutt as to Mr. Savage's two remaining Eighth Amendment claims on the basis of qualified immunity. In a thorough analysis the magistrate judge concluded, and the district court agreed, that Mr. Savage had not shown a constitutional violation—he had not offered evidence that Dr. Troutt acted with a culpable state of mind as to Mr. Savage's neuropathic pain or his abdominal pain.

We have carefully reviewed the record and we agree with the magistrate judge's assessment that the evidence presented did not demonstrate that Dr. Troutt disregarded a substantial risk of harm to Mr. Savage. Accordingly, we affirm the grant of summary judgment to Dr. Troutt on the basis of qualified immunity for substantially the same reasons set forth in the magistrate judge's recommendation of January 25, 2018, and supplemental recommendation of June 4, 2018, as adopted by the district court on March 20, 2018, and July 26, 2018, respectively.

## III.   CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

Entered for the Court


Jerome A. Holmes
Circuit Judge

11